UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK ALLEN LITTLE,

        Petitioner,

v.                                              CASE NO. 03-CV-75083-DT
                                               HONORABLE GERALD E. ROSEN

HUGH WOLFENBARGER,

        Respondent.
_____/

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND GRANTING IN PART PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

Petitioner Frank Allen Little has appealed the Court's opinion and judgment denying his habeas corpus petition, which challenges Petitioner's state conviction for first-degree murder. Currently pending before the Court are Petitioner's motions for a certificate of appealability and for leave to proceed *in forma pauperis* on appeal.

### I. Standard of Review

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

## II. Discussion

### A. Sufficiency and Weight of the Evidence

The first and fifth habeas claims challenge the sufficiency of the evidence produced at trial. The Court adjudicated these claims on the merits and concluded that the state court's decision on the issues was not an unreasonable application of *Jackson v. Virginia,* 443 U.S. 307 (1979). However, whether the murder was premeditated and deliberated was a close question for the Michigan Court of Appeals and for this Court.

Reasonable jurists could find the Court's assessment of Petitioner's sufficiency-of-the-evidence claims debatable. "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338. Accordingly, a

certificate of appealability may issue on claims I and V.  The Court declines to grant a certificate of appealability on related claim II regarding the great weight of the evidence, because Petitioner withdrew this claim after the responsive pleading was filed.

### B.  Trial Counsel

The third habeas claim alleges ineffective assistance of trial counsel.  The Court reviewed this claim on the merits and concluded that the state court's decision was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).  Reasonable jurists likely would not debate the Court's assessment of this constitutional claim, because defense counsel's performance was not deficient and prejudicial.  Accordingly, a certificate of appealability may not issue on claim III.

### C.  The Jury Instructions on Inferring Intent

The fourth habeas claim alleges that the trial court's jury instructions on inferring intent deprived Petitioner of his right to a fair trial and due process of law.  The Court found that this claim was procedurally defaulted because Petitioner did not object to the instructions at trial and the last state court to rule on the issue relied on Petitioner's omission to deny relief.  Petitioner offered no argument in support of a finding of "cause and prejudice,"and he did not submit any new evidence to support a claim of actual innocence.  Therefore, reasonable jurists would not find that Petitioner stated a valid claim of the denial of a constitutional right and that the Court's procedural ruling was incorrect.  A certificate of appealability may not issue on claim IV.

### D.  Claims VI through XII

The Court found that claims VII through XI were procedurally defaulted, because

Petitioner failed to raise these claims on direct review, and all three state courts denied relief on that basis. Because Petitioner alleged in claim XII that appellate counsel was "cause" for his procedural default, the Court briefly reviewed the underlying claims.[1] The Court concluded that the claims lacked merit and, therefore, appellate counsel was not ineffective for failing to raise the issues and was not "cause" for Petitioner's procedural default. The Court also found that Petitioner's independent claim of ineffective assistance of appellate counsel (claim VI) lacked merit.

Reasonable jurists would not find that Petitioner had stated a valid claim of the denial of a constitutional right and that the Court's procedural ruling was incorrect. Nor would reasonable jurists find the Court's assessment of Petitioner's constitutional claims debatable or wrong. Therefore, a certificate of appealability may not issue on claims VI through XII.

### III. Conclusion

Petitioner's motion for a certificate of appealability [Doc. #36] is GRANTED in part and DENIED in part. A certificate of appealability may issue on the first and fifth habeas claims regarding the sufficiency of the evidence. The Court declines to issue a certificate of appealability on any of the remaining claims. Petitioner's motion to proceed *in forma pauperis* on appeal [Doc. #37] is granted.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: August 10, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 10, 2005, by electronic and/or ordinary mail.

---

[1] Claim VII alleges ineffective assistance of trial counsel, claim VIII alleges prosecutorial misconduct, claim IX attacks the jury instruction on possible verdicts, claim X alleges that the cumulative effect of errors deprived Petitioner of a fair trial, and claim XI alleges that Petitioner is actual innocent.

4

s/LaShawn R. Saulsberry
Case Manager